PER CURIAM.
The trial court’s order, which contains a statement of the facts, the issues presented, and the trial court’s conclusions of law, is set out in substantial part as follows:

“ORDER

“This action comes before the court on the defendants’ motion for summary judgment. The following facts are undisputed.
“1. On August 28, 1984, plaintiff [Velma Howard] and defendants [Ryder Truck Rental One-Way, Inc., and David Clements] were involved in a motor vehicle accident in Maury County, Tennessee, on Interstate 65 at the 42⅜ mile marker.
“2. On September 18, 1986, plaintiff filed suit in New York. Suit was filed within New York’s three-year statute of limitations; however, at the time suit was originally filed, Alabama’s two-year statute of limitations had run.
“3. On October 8, 1986, defendants moved to dismiss the action for forum non conviens.
“4. On May 7,1987, plaintiff and defendants entered a stipulation whereby, among other things, plaintiff agreed to execute a stipulation discontinuing the action in New York, and defendants agreed to waive any defense based on the expiration of the statute of limitations once the action was transferred to Alabama.
“5. On October 13, 1987, defendants sent correspondence to the plaintiff asking plaintiff to execute the discontinuance stipulation mandated by the stipulation of May 7, 1987.
“6. On September 22, 1988, defendants sent correspondence to plaintiff asking plaintiff what action plaintiff intended to take in this matter.
“7. Defendants’ correspondence to plaintiff was not answered or responded to by plaintiff.
“8. There is no evidence that plaintiff ever executed the discontinuance stipulation mandated by the May 7, 1987, stipulation.
“9. No copy of the discontinuance stipulation mandated by the May 7, 1987, stipulation has been submitted to this court.
“10. Although there exists no evidence, other than the May 7, 1987, stipulation, that the action has been dismissed from New York, the parties make no issue of dismissal.
“11. Any terms or conditions of dismissal that may exist are unknown by this court.
“12. On January 13, 1992, plaintiff associated Alabama attorneys.
“13. On May 29, 1992, plaintiff filed lawsuit in Alabama. At the time of this filing, five years had passed from the date of stipulation and almost eight years had passed since the date of the accident.
“14. There is no evidence of any negotiation or effort on the part of plaintiff in this action from May 7,1987, until May 29, 1992.
“The stipulation of May 7,1987, does not preclude defendants from asserting a defense based on the expiration of the statute of limitations for several reasons:
“1. The stipulation of May 7,1987, is merely an agreement to agree to dismissal. The language of the stipulation (‘Plaintiff shall execute ... ’ and ‘Defendants will waive ...’ (emphasis added)) indicates action to be taken at some future time. The defendants’ waiver does not become effective until plaintiff executes the discontinuance stipulation. ‘An agreement to agree later is unenforceable.’ Dixieland Food Stores, Inc. v. Geddert, 505 So.2d 371, 373 (Ala.1987). ‘In order to be *171 enforceable, a contract to enter into a future contract must be definite and certain in all its terms and conditions.... ’ Mobil Oil Corp. v. Schlumberger, 598 So.2d 1341, 1345 (Ala.1992). The stipulation of May 7, 1987, contains no language indicating that precise or definite terms were agreed on; rather, it appears that the definite terms of the stipulation of discontinuance were to be agreed on at some later date.
“2. Even if defendants’ waiver was effective immediately upon signing the stipulation of May 7, 1987, the waiver is later void because of plaintiffs failure to perform under the stipulation (i.e., plaintiffs failure to execute the discontinuance stipulation).
“3. Notwithstanding numbers 1 and 2 above, defendants’ waiver of defenses based on the expiration of the statute of limitations must have contemplated plaintiffs filing suit in Alabama within a reasonable period of time, otherwise the defendants could never conclude the matter was at repose. The court finds five years between the stipulation and the filing of suit in Alabama is an unreasonable amount of time. During this time period, Alabama’s two-year* statute of limitations for the action ran 2½ times and New York’s three-year statute of limitations ran 1| times. No exceptional circumstances appear except lack of diligence by plaintiffs New York counsel. Here, suit was filed eight years after the accident and four years after defendants closed the file. Prejudice may be presumed by the delay and dimming of memory, and, if nothing else, increase in attorney fees.
[[Image here]]
“Based on the discussed reasoning,, this court holds that there exists no material issue of law or fact and defendants are entitled to judgment as a matter of law. Accordingly, judgment is hereby rendered in favor of defendants. Costs taxed to plaintiff.
“DONE and ORDERED this 21st day of December, 1992.
“/s/ Arthur J. Hanes, Jr., Circuit Judge”
We adopt that portion of the trial court’s order quoted above as the opinion of this Court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.